JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-07211-RGK (MANx) | Date | November 5, 2014 |
|---|---|---|---|
| Title | *JUDY KAIRYS; DEE COOPER-WEYAND; and MAXINE DUGAS v. LOCKHEED MARTIN CO.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On August 13, 2014, Judy Kairys, Dee Cooper-Weyand, and Maxine Dugas ("Plaintiffs") filed a complaint against Lockheed Martin Corporation ("Defendant") alleging seventeen claims regarding disability discrimination in violation of the Fair Employment and Housing Act (FEHA). Plaintiffs served the complaint on Defendant on August 18, 2014.

On September 16, 2014, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

When multiple plaintiffs assert discrete demands in one action, the amount involved in each separate controversy must meet the requisite amount in controversy; those amounts cannot be aggregated to satisfy jurisdictional requirements. *Clark v. Paul Gray, Inc.*, 306 U.S. 583, 589 (1939).

Defendant argues that the relief requested by Plaintiffs, including lost wages and benefits, emotional distress damages, punitive damages, and attorneys' fees and costs, exceeds $75,000. In support of its argument, Defendant points to an initial calculation of damages as to Ms. Dugas. Defendant asserts that her claim for past and future lost wages independently meets the jurisdictional

requirement, and notes that her claim also includes the foregoing categories of relief. However, Defendant fails to provide evidence of the same for the other two plaintiffs, whose demands must individually meet the amount in controversy. Accordingly, Defendant has failed to satisfy its burden that the amount in controversy for each Plaintiff meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                    **:**

**Initials of Preparer**